ERIC PALACIOS, ESQ.
Nevada Bar No. 7120
BENNAIR R. BATEMAN, ESQ.
Nevada Bar No. 9338
ERIC PALACIOS & ASSOCIATES, LTD.
1904 S. Maryland Parkway
Las Vegas, Nevada 89104
(702) 650-0777
Attorney for Debtors                                        E Filed:  12-17-09

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In the matter of ) | CASE NO: | BK-S-09-26262-BAM |
| ) | CHAPTER: | 13 |
| JOSE NAVARRO-GARCIA and ) | TRUSTEE: | Rick Yarnall |
| SILVIA CAMARENA GONZALEZ ) | | |
| ) | | |
| Debtors. ) | | |

**DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM AUTMOATIC STAY AND/OR REQUEST FOR RENOTICING UNDER NRS 107.080 (AS REQUIRED UNDER NEVADA ASSEMBLY BILL 149 EFFECTIVE JULY 1, 2009)**

COMES NOW, Debtors JOSE NAVARRO-GARCIA and SILVIA CAMARENA GONZALEZ, by and through attorney Bennair R. Bateman, Esq., of the LAW OFFICE OF ERIC PALACIOS & ASSOCIATES and in response to DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRSUTEE FOR MORGAN STANLY CAPITAL I INC TRUST 2006-NC2 0977968 ("Creditor") Motion for Relief from Automatic Stay states as follows:

1.	On August 31, 2009 Debtors filed the current Chapter 13 Petition in Bankruptcy with the Court.

2.	Debtors Plan provides that Debtors would continue to make direct payments to Creditor, while under the protection of the automatic stay of the Bankruptcy Court, as well as provide for all payments in arrears through the Debtors' Chapter 13 Plan.

3.	On or about December 7, 2009, Creditor filed a Motion for Relief from the Automatic Stay.

4.  Debtors believe that the asset securing Creditor's claim is necessary to the Debtors effective reorganization.

5.  Debtors also believe that Creditor's Motion was not filed by a "Real Party In Interest" pursuant to F.R.C.P. 17.  F.R.B.P. 9014 incorporating Fed. R. Bankr. P. 7017; See *In re Wells*, No. 08-17639, 2009 WL 1872401, (Bankr. N.D. Ohio June 19, 2009); *In re Mitchell*, No. 07-16226-LBR, 2009 WL 1044368 (Bankr. D. Nev. March 31, 2009) (holding that MERS laced Standing to pursue stay relief when it could not show that it was either holder of the mortgage note or a transferee in possession of the note, as required by Nevada law to pursue a foreclosure); *In re Jacobsen*, 2009 WL 567188 (Bankr. W.D. Wash. 2009) (denying motion for stay relief because Movant had not established either identity of holder of note or movant's authority to act on behalf of that party); *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008); *In re Hayes*, 393 B.R. 259 (Bankr. D. Mass, 2008); In re Prevo, 394 B.R. 847 (Bankr. S.D. Tex. 2008); *In re Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007) (standing/ownership of Creditor); *In re Schwartz*, 366 B.R. 265 (Bankr. D. Mass. 2007).

6.  Accordingly, Debtors request Creeditor's motion be denied or in the alternative request this Court order an evidentiary hearing to be held to determine whether Creditor has proper standing and authority to bring this motion.

7.  In the event this Court is inclined to grant secured Creditor's request for relief from the automatic stay, the Debtors request that Your Honor required Secured Creditor to renotice any pending foreclosure action under NRS 107.080 (as revised by Nevada Assembly Bill 149, effect July 1, 2009) by this creditor to the extend applicable.

8.  Pursuant to NRS 107.082 if a foreclosure "sale has been postponed by oral proclamation three times, any new sale information must be provided by notice as provided in NRS 107.080."  NRS 107.080 (as revised by Nevada Assemply Bill 149 effective July 1, 2009)

requires Secured Creditor to provide Debtor a notice of election to enter into court mandated mediation.

WHEREFORE, Debtors request:

1. DEUTSCHE BANK NATIONAL TRUST COMPANY's Motion for Relief be denied; and/or

2. Order that an evidentiary hearing be scheduled to determine whether Creditor has proper standing and/or authority to bring the instant motion;

3. Attorney fees for opposing Creditor's Motion and representing Debtors in an evidentiary hearing in the event Creditor cannot establish proper standing or authority to bring the instant Motion for Relief;

4. In the event Your Honor grants relief from stay, that Secured Creditor be required to renotice its foreclosure proceeding pursuant to Revised NRS 107.080 (as effective through Nevada AB July 1, 2009), thus providing the Debtors an opportunity to elect mandated mediation in State Court; and/or

5. Such other relief as the Court find appropriate.

DATED this 17th day of Dec., 2009.

                                        Respectfully submitted:

                                        /s/ Ben Bateman, Esq.
                                        ERIC PALACIOS, ESQ.
                                        Nevada Bar No. 007120
                                        BENNAIR R. BATEMAN, ESQ.
                                        Nevada Bar No. 009338
                                        1904 S. Maryland Parkway
                                        Las Vegas, Nevada 89104
                                        Attorney for Debtors

## CERTIFICATE OF MAILING OF DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

I hereby certify that on the 17th day of Dec., 2009, I sent a true and correct copy, first class mail, postage prepaid, of the above listed document to the following:

| | |
|---|---|
| Gregory Wilde, Esq. | Mark S. Bosco, Esq. |
| Wilde & Assoc. | Tiffany & Bosco |
| 208 S. Jones Blvd. | 2525 E. Camelback Rd., #300 |
| Las Vegas, NV  89107 | Phoenix, AZ  85016 |

  /s/  Loree Richards
Loree Richards, an employee of
ERIC PALACIOS & ASSOC.